# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 18, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| JACKIE EVANS, | |
| | No. 16-97 |
| Petitioner, | |
| | |
| v. | Special Master Hamilton-Fieldman |
| | |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | Ruling on Entitlement; Conceded; |
| | Influenza (Flu) Vaccine; Shoulder Injury |
| Respondent. | Related to Vaccine Administration |
| | (SIRVA). |
| * * * * * * * * * * * * * * * | |

Jeffrey S. Pop, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for Petitioner.
Douglas Ross, United States Department of Justice, Washington, D.C., for Respondent.

## RULING ON ENTITLEMENT[1]

On January 19, 2016, Jackie Evans ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleged that an influenza ("flu") vaccination administered on September 28, 2013 caused her to suffer from a shoulder injury related to vaccine administration ("SIRVA").

On April 18, 2016, Respondent filed a report pursuant to Vaccine Rule 4(c) in which she concedes that Petitioner is entitled to compensation in this case. Specifically, Respondent agrees

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2012). In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

that Petitioner's alleged injury is consistent with SIRVA.  Based on a review of the medical records, Respondent concludes that Petitioner has satisfied all legal prerequisites for compensation under the Act.

A special master may determine whether a petitioner is entitled to compensation based upon the record.  A hearing is not required.  §300aa-13; Vaccine Rule 8(d).  In light of Respondent's concession and a review of the record, the undersigned finds that Petitioner is entitled to compensation.  This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master
