# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-97V
Filed: August 1, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * <br> JACKIE EVANS,                            * <br>                                          * <br>               Petitioner,    * <br>                                          * <br> v.                                       * <br>                                          * <br> SECRETARY OF HEALTH                      * <br> AND HUMAN SERVICES,                      * <br>                                          * <br>               Respondent.    * <br> * * * * * * * * * * * * * * * * * * * * * * * * | **PUBLISHED** <br><br> Special Master Hamilton-Fieldman <br><br><br> Attorneys' Fees and Costs; <br> Reasonable Amount Requested to <br> which Respondent Does Not Object. |

Jeffrey Pop, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for Petitioner.
Douglas Ross, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 19, 2016, Jackie Evans ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that the administration of an influenza ("flu") vaccine on September 28, 2013 caused him to suffer from a shoulder injury related to vaccine administration ("SIRVA"). On April 18, 2016, the undersigned ruled that Petitioner was entitled to compensation for his injury, and on June 20, 2016, the undersigned issued a decision awarding him damages.

On July 6, 2016, Petitioner's counsel filed a motion seeking reimbursement for $12,511.00 in attorneys' fees and $972.19 in attorneys' costs, for a total requested

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

reimbursement of $13,483.19.  Petitioner and his counsel have confirmed that Petitioner did not personally incur any costs in pursuit of his claim.  *See* General Order #9 Statement, filed July 6, 2016.

On July 28, 2016, Respondent filed a Response to Petitioner's motion in which she states that she "does not object to the overall amount sought, as it is not an unreasonable amount to have incurred for proceedings in this case to date."

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).  The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1).  Further, the proposed amounts seem reasonable and appropriate.  *See Pentcholov v. Sec'y of HHS*, No. 14-414V, 2016 WL 3197389 (Fed. Cl. Spec. Mstr. April 29, 2016) (awarding Mr. Pop an hourly rate of $400.00, Ms. Grigorian an hourly rate of $235.00, and Mr. Pop's office's law clerks an hourly rate of $125.00).  **Accordingly, the undersigned hereby awards the amount of $13,483.19, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Mr. Jeffrey Pop.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

       **IT IS SO ORDERED.**

                                             /s/Lisa D. Hamilton-Fieldman
                                             Lisa D. Hamilton-Fieldman
                                             Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).